IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUI RAMALHO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 06-2036 |
| MONTGOMERY COUNTY | : | |
| CORRECTIONAL FACILITY, et al. | : | |

**ORDER-MEMORANDUM**

AND NOW, this 20th day of June, 2007, the "Motion of Defendant Correctional Officer Eric Shelly to Dismiss Plaintiff's Complaint,"(docket no. 15) and "Defendant's Motion to Dismiss," (docket no. 16) filed by Montgomery County Correctional Facility and Correctional Medical Care, Inc. are granted and plaintiff's complaint is dismissed with prejudice.[1]  Fed. R. Civ. P. 12(b)(6).[2]

In this § 1983 action, filed pro se, the complaint alleges that plaintiff was assaulted by a fellow inmate and sustained injuries to his face.  His treatment is alleged to have been

---

[1] "If a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), citing Grayson v. Mayview State Hosp., 239 F.3d 103, 108 (3d Cir. 2002).  By order dated April 4, 2007, plaintiff was granted leave to file an amended complaint with a certificate of merit on or before May 4, 2007.  He did not do so.  By order dated May 17, 2007, plaintiff was granted leave to "submit any additional materials related to the pending motions to dismiss plaintiff's complaint" on or before June 1, 2007.  Plaintiff did not submit any materials.

[2] "The Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if, 'accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief.'" Ballantine v. United States, – F.3d –, – (3d Cir., May 1-, 2007), 2007 WL 1365364, at *3 (citations omitted).

delayed,[3] and Correctional Officer Shelly is alleged to have shoved and threatened plaintiff when he requested follow-up medical treatment. Complaint, "Statement of Claim." The complaint consists of civil rights claims and a medical malpractice claim.

For the following reasons, plaintiff's complaint must be dismissed:

1. The medical malpractice claims against Montgomery County Correctional Facility and Correctional Medical Care, Inc. must be dismissed because plaintiff has not filed a certificate of merit as required by Pa.R.Civ.P. 1042.3, though he was granted an extension of time to do so. Rodriguez v. Smith, 2005 WL 1484591 (E.D Pa. 2005) (citations omitted) (agreeing with other district courts "that Rule 1042.3 should be applied by federal courts as controlling substantive law under Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), and its progeny," and dismissing pro se prisoner civil rights plaintiff's medical malpractice claim for failure to submit the required certificate).

2. Claims against Montgomery County Correctional Facility and Correctional Medical Care, Inc. must also be dismissed because those entities are immune from suit on plaintiff's negligence/medical malpractice claims, Schwartz v. Montgomery County Correctional Facility, 843 F. Supp. 962, 970 (E.D. Pa. 1994), aff'd, 37 F.3d 1488 (3d Cir. 1994); and, for purposes of the § 1983 claim, neither is a "person" amenable to suit, Duffy v. County of Bucks, 7 F.Supp.2d 569, 579 (E.D. Pa. 1998).

---

[3] Though the complaint alleges delayed treatment, it also admits that treatment was provided immediately after the assault. Complaint, "Statement of Claim" ("On the same day, after the incident, C.O. Stufler took me to take a picture of my face and directed me to the nurse on duty.")

3. All § 1983 claims arising from delayed medical care must be dismissed because, as the complaint alleges, plaintiff was treated immediately following the assault, and received follow-up diagnosis and treatment.[4] "Prisoner complaints directed at the wisdom or quality of medical care afforded the prisoner do not state an Eighth Amendment violation, even if the treatment was so negligent as to amount to malpractice." Rompilla v. Jeffes, 1988 WL 97683, at *1 (E.D. Pa. 1988), citing Estelle v. Gamble, 429 U.S. 97, 107 (1976).

4. The § 1983 claim based on failure to prevent the attack must be dismissed because the complaint does not allege that any prison official acted with "deliberate indifference" to plaintiff's safety - in other words, that an official actually knew or was aware of an excessive risk to plaintiff's safety. Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).[5]

5. The § 1983 claims against Correctional Officer Shelly must be dismissed because the alleged conduct - pushing plaintiff with one arm and threatening to "make [his] puffy eye bigger" - does not rise to the level of a constitutional violation. "Not . . .every malevolent touch by a prison guard gives rise to a federal action. . . . Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's

---

[4] The assault occurred on December 31, 2005. Plaintiff was treated immediately following the assault, received follow-up care on January 17, 2006, underwent diagnostic x-rays on January 18, 2006, and a diagnostic MRI on January 20, 2006. On February 22, 2006, he was taken to a plastic surgeon for treatment of 3 fractures on the left side of his face, where he was informed that the fractures "were well into the process of healing." Complaint, "Administrative Remedies," section b. and c.; "Statement of Claim."

[5] The complaint states that the attacker, not plaintiff, requested a transfer, but does not state the reason for the request.

constitutional rights." Hudson v. McMillan, 503 U.S. 1, 9 (1992); Barber v. Grow, 929 F. Supp. 820, 823 (E.D. Pa. 1996) (dismissing § 1983 claim based on guard pulling chair out from under inmate, causing injury. "Pulling a chair out from under someone is childish and stupid, but it is not repugnant to the conscience of mankind.")

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.